Filed 2/6/24  In re A.W. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.W. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> T.W., <br><br> Defendant and Appellant. | F086082 <br><br> (Super. Ct. Nos. JD141693-00, JD141694-00, JD141695-00, JD141696-00) <br><br> **OPINION** |

## THE COURT[*]

APPEAL from orders of the Superior Court of Kern County.  Susan M. Gill, Judge.

Laura D. Pedicini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Franson, J. and Snauffer, J.

Appellant T.W. (father) is the father of the now 13-year-old A.W., 11-year-old D.W., 10-year-old Ai.W., and nine-year-old Da.W. (collectively the children), who are the subjects of this dependency case. Father appealed from the juvenile court's orders issued at a disposition hearing on April 6, 2023, which resulted in the children being placed in foster care and family reunification services denied as to mother and father. After reviewing the juvenile court record, father's court-appointed counsel informed this court he could find no arguable issues to raise on father's behalf. This court granted father leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

Father filed a letter brief alleging the denial of relative placement was based upon prejudice, and he also claims that he was denied the right to a speedy trial. He does not, however, allege the juvenile court erred in removing the children or denying family reunification services. We conclude father failed to address the disposition hearing or set forth a good cause showing that any arguable issue of reversible error arose from the disposition hearing. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 844.) Consequently, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 24, 2020, the Kern County Department of Human Services (department) filed petitions alleging the children were described by Welfare and Institutions Code[1] section 300, subdivisions (a) and (b)(1). The petitions alleged father struck the children with his hand and belt until they stopped crying, and mother failed to protect the children from father. The children were placed together in a resource family home after being taken into protective custody.

---

[1] All further statutory references are to the Welfare and Institutions Code.

2.

The family came to the attention of the department after mother and father reported that the children's two siblings (collectively the siblings) were missing on December 21, 2020. The Federal Bureau of Investigation and local law enforcement began an investigation into the siblings' disappearance. The children completed forensic interviews with law enforcement, and they reported that they had not seen the siblings since they moved in September 2020. The children disclosed that the siblings were spanked more often, and they believed the siblings went to live with a grandmother.

On December 28, 2020, A.W. told his care provider that he recalled waking up to find one of the siblings deceased and facing the wrong direction on the bed. He explained that there was a bad odor in the van when they moved homes. Both parents reportedly told him not to say anything or else the children would be taken away and the parents would go to jail. The department social worker was advised not to interview the parents due to the investigation.

On December 29, 2020, the children were detained from mother and father's custody, and a combined jurisdiction and disposition hearing was set for January 21, 2021. There were no visitation orders made for the parents due to an emergency protective order that was in place until January 4, 2021. On January 4, 2021, both parents asked the social worker about relative placement, and the social worker explained the process that relatives would use to apply for placement. The next day, the parents received a "comfort call" with the children, and the care provider reported that mother's first statement to A.W. was " ' [y]ou don't have to talk to anyone or answer no one's questions.' "

The children's maternal and paternal grandmothers both requested placement of the children on January 15, 2021. The children's care provider described the children's emotional and behavioral difficulties in a conversation with the social worker on January 19, 2021. A.W. and Ai.W. were reported to hate D.W. and Da.W., and A.W. constantly hit D.W. and Da.W. Ai.W. would scream and hit himself because he wanted

to go home, and he threatened to kill himself two days earlier. The social worker facilitated a phone call between Ai.W. and his paternal grandmother during her visit to the home.

On January 21, 2021, both mother and father were present and represented by counsel for the initial jurisdiction and disposition hearing. The department requested a 30-day continuance for further investigation, and father requested that the hearing be set within the statutory period. The juvenile court continued the hearing to February 22, 2021, and mother and father were ordered visitation with the children twice per week.

On January 25, 2021, the children's care provider informed the social worker that the children needed " 'a lot of help,' " and she described them as being traumatized. Da.W. had to be picked up from school because he was walking out of the classroom, and he wet his bed on a few occasions. Ai.W. was screaming a lot, and he told his brothers that he wanted to kill them. The care provider was constantly monitoring the children, and the social worker advised her to report the behaviors to the children's therapist. The children were moved to a new resource family home on January 29, 2021. The social worker was unable to place the children with the paternal grandmother because a criminal exemption was required for a member of her household, and the home inspection had not been completed.

The jurisdiction and disposition hearing was continued again to March 8, 2021, due to the lack of a jurisdiction report. On March 1, 2021, the social worker asked law enforcement for a copy of its investigative report, but law enforcement indicated the reports were sealed due to the ongoing investigation. The first interview between the social worker and parents took place on March 4, 2021. Mother felt people judged her and father unfairly and accused them of not looking for the siblings. She denied any use of physical discipline on the children. Father admitted to past physical discipline of the children, but he denied using physical discipline recently.

On March 8, 2021, and April 12, 2021, the jurisdiction and disposition hearing was continued at the request of both parents. On May 10, 2021, both parents requested a contested hearing on jurisdiction, which was set to begin on July 22, 2021. The children's maternal aunt contacted the social worker to request placement and visitation with the children on May 27, 2021. On June 30, 2021, mother's counsel requested a hearing on the children's placement, and her counsel was advised to file a formal pleading to clarify the basis for her request.

The contested hearing commenced on July 22, 2021. While the contested hearing was still in progress, a mistrial was eventually declared on October 13, 2021. An amended petition was filed on October 12, 2021, alleging mother held the children in a scissor choke hold with her legs on several occasions in 2016 and 2017, which resulted in the court declaring a mistrial. A new date for the contested jurisdiction and disposition hearing was scheduled, with the agreement of all parties, for February 14, 2022, through February 18, 2022.

In November 2021, Da.W. and A.W. were participating in therapy and "WRAP" services. The following month, De.W. and Ai.W., at ages nine and seven, respectively, were displaying sexualized behaviors. A.W. discovered his brothers displaying sexualized behaviors, and he began hitting them with a closed fist. On February 1, 2022, all parties agreed to reset the contested hearing on jurisdiction, estimated to last five days, for April 7, 2022.

In March 2022, mother and father were arrested on charges of second degree murder, felony willful cruelty to a child, and false report of an emergency in relation to the siblings. Mother and father remained in custody for the remainder of the proceedings, and no visitation was to occur between the parents and children. The paternal grandmother and paternal uncle began visiting with the children once per month by video chat and once per month in person in March 2022.

On April 4, 2022, counsel for the children requested a continuance of the contested jurisdictional hearing due to outstanding discovery requests that were directed to law enforcement. The records related to the investigation into the deaths of the siblings who were reported missing by mother and father. Counsel for mother and father both objected to the continuance, but the juvenile court found good cause to continue the matter to June 7, 2022, for a status hearing. At the status hearing, all parties agreed to reschedule the contested jurisdiction hearing for August 22, 2022.

Counsel for mother and father both requested a continuance due to a "voluminous" supplemental report being filed by the department. The parties agreed to vacate the contested hearing date and set a status review for November 8, 2022, regarding objections to the supplemental report. The juvenile court received the parents' objections to the report, and a hearing was set for argument and ruling on the objections for January 4, 2023, by the agreement of the parties.

After an additional continuance to allow the appropriate judicial officer to be present, a hearing was held on various pretrial motions on February 8, 2023. The juvenile court ruled on the parents' hearsay objections, and the parents' request to be provided a photograph of the children was granted. Counsel for mother and father objected to setting the contested jurisdiction hearing beyond March 1, 2023, and a contested jurisdiction hearing was set for February 28, 2023.

At the contested jurisdiction hearing held on February 28, 2023, father and mother were present and represented by counsel. Father's counsel entered an objection on his behalf without presenting any further evidence or argument. The juvenile court found the allegations in the amended petition true. A disposition hearing was set for March 8, 2023, without any objection from the parties.

The department's disposition report, dated March 7, 2023, recommended that family reunification services not be provided to mother and father pursuant to section 361.5, subdivision (b)(6). The department also recommended that the children

6.

remain placed in foster care with a permanent plan of placement with a fit and willing relative because adoption and guardianship were not appropriate permanent plans. Both parents were still incarcerated in Kern County. The children remained placed together, and their care provider for the past two years was committed to a long-term placement. There were three pending applications for relative placement from the children's paternal grandmother, paternal uncle, and maternal aunt. A request through the Interstate Compact on the Placement of Children (ICPC) was ordered for the paternal uncle and maternal aunt.

On March 8, 2023, the juvenile court granted the parents' request for a continuance due to the recommendation to deny them family reunification services. At the continued disposition hearing held on April 6, 2023, father's counsel entered an objection, and the juvenile court denied reunification services to both parents. The children were ordered to remain in foster care with a permanent plan of placement with a fit and willing relative, and a review hearing pursuant to section 366.3 was set for October 5, 2023.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Father had an opportunity to challenge any of the evidence contained in the agency's disposition reports regarding the department's relative placement considerations. Failure to challenge the evidence operates as a forfeiture, preventing the parent from raising the issue for the first time on appeal. (See *In re Casey D.* (1999) 70 Cal.App.4th 38, 54 [appellate court in a dependency proceeding normally may not consider an objection raised for the first time on appeal].) Such is the case here. At no

7.

time did father or his attorney inform the court that there were suitable relatives that were available for placement of the children at the time of the disposition hearing. Father is now precluded from challenging the department's consideration of relatives for placement on appeal. Thus, we conclude father fails to show good cause that the issues on relative placement merit additional briefing.

In his letter brief, father also claims that his right to a speedy trial was denied. However, parents do not have a due process right to a speedy trial in dependency proceedings. (See *In re Melvin A.* (2000) 82 Cal.App.4th 1243, 1247.) Furthermore, father either requested or consented to the vast majority of the continuances in the proceedings. His only noted objection to a continuance occurred at a status review hearing on April 4, 2022, where children's counsel had not finished receiving discovery from law enforcement. Afterwards, father both requested and agreed to multiple continuances. Thus, father cannot place the blame on the juvenile court for the exceptional circumstances of the ongoing criminal investigation that resulted in excessive delays in the proceedings.

Having reviewed father's letter brief, we find father has not made a showing of good cause that an arguable issue exists. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846.) Father's letter brief furnishes no valid argument with supporting legal authorities for his purported claims of error. (See *In re Sade C.*, *supra*, 13 Cal.4th at p. 994 [parents must " 'present argument and authority on each point made' "].) Nor does father show that these claims of error, assuming they were true, constitute a basis for reversing the underlying orders. Our review of the challenged orders confirms counsel's determination that no arguable issues exist.

In sum, father has not raised any arguable issues stemming from the disposition hearing. Further, though we are not required to, we have reviewed the record as it relates to the disposition hearing, and we have found no arguable issues for briefing. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–842.) Accordingly, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.